### UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| STANLEY WILLIAMS, | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil No. 09-249-B-W |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
|     *Defendant* | ) | |

### *MEMORANDUM DECISION AND ORDER ON MOTION TO STRIKE*

The commissioner moves to strike in its entirety the complaint filed in the instant matter for non-conformance with Local Rule 3(c). *See* Motion To Strike Non-Conforming Pleading ("Motion") (Docket No. 7). Alternatively, he submits that he would have no objection to the plaintiff filing an amended complaint that adequately elucidates the factual basis for alleged constitutional claims, failing which he asserts that the complaint should be stricken pursuant to Local Rule 3(c) or, alternatively, Federal Rule of Civil Procedure 12(f). *See* Defendant's Reply to Plaintiff's Response to Motion To Strike the Complaint ("Reply") (Docket No. 11) at 5. I conclude that, while Local Rule 3(c) and Federal Rule of Civil Procedure 12(f) do not by themselves provide sufficient support for the Motion, the commissioner is correct that the plaintiff fails to plead his constitutional claims adequately. His proposal to afford the plaintiff a chance to correct the deficiency is reasonable, and I adopt it. Hence, the Motion is granted in part, insofar as the plaintiff is directed to file, within 10 days of the date hereof, an amended complaint that either adequately pleads his constitutional claims or excises them by deleting paragraph 5 and all jurisdictional references in Paragraph 6 other than to 42 U.S.C. § 405(g).

## I. Applicable Legal Standards

Local Rule 3(c) provides: "Complaints filed in civil cases, pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for benefits under Titles II, XVI and XVIII of the Social Security Act shall use the form provided in Appendix I." Loc. R. 3(c). Appendix I sets forth a model complaint in a Social Security appeal containing three paragraphs, the first stating the plaintiff's city and state of residence, the second stating, "The plaintiff complains of a decision which adversely affects the plaintiff in whole or in part. The decision has become the final decision of the Commissioner for purposes of judicial review and bears the following caption . . .[,]" and the third stating, "The plaintiff has exhausted administrative remedies in this matter and this Court has jurisdiction for judicial review pursuant to 42 U.S.C. [§] 405(g)." Appendix I to Loc. R.

> Federal Rule of Civil Procedure 12(f) provides:
>
> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> **(1)** on its own; or
>
> **(2)** on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

Fed. R. Civ. P. 12(f). "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *West Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (citation and internal quotation marks omitted).

In positing that the plaintiff's "bald and unenlightening assertion" that he was "deprived of certain constitutional rights" fails to satisfy basic rules of pleading, *see* Reply at 3, the

2

commissioner alludes to the pleading standards of Federal Rule of Civil Procedure 8(a), as construed in motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Redondo-Borges v. United States Dep't of Hous. & Urban Dev.*, 421 F.3d 1, 5 (1st Cir. 2005) ("[A] district court considering a Rule 12(b)(6) motion must view the plaintiff's complaint through the prism of Fed. R. Civ. P. 8(a)(2)'s notice pleading requirements.  A complaint satisfies that standard if it contains a short and plain statement of the claim showing that the pleader is entitled to relief, and gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (citations and internal punctuation omitted).

> As the Supreme Court has clarified:
>
> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see also, e.g., Cook v. Gates*, 528 F.3d 42, 48 (1st Cir. 2008) ("To survive a motion to dismiss, a complaint must allege a plausible entitlement to relief.") (citations and internal quotation marks omitted).

## II. Factual Background

The complaint alleges, in relevant part:

> 5.    The Plaintiff has been deprived of certain constitutional rights to which he is entitled as a United States citizen by the actions of the Defendant, acting through the agents and employees of the Social Security Administration.
>
> 6.    This Court has jurisdiction for judicial review of the actions of the Defendant, through his agents, in this case pursuant to 28 U.S.C. § 1331 and/or 1383, 42 U.S.C. § 405(g) and the Due Process Clause of the Fifth Amendment to the United States Constitution.

Complaint (Docket No. 1) ¶¶ 5-6.

In his client's opposing brief, counsel for the plaintiff explains that he "adopted the present form of complaint used in this case and other Social Security cases not in any attempt to disregard Local Rule 3 but rather in an attempt to ensure that the complaint is drafted broadly enough to meet the challenges thereto that can reasonably be envisioned." Plaintiff's Response to Motion To Strike the Complaint ("Opposition") (Docket No. 10) at 1. He explains that, from time to time, as in the case of *Leo v. Apfel*, Docket No. 00-212-P-C (D. Me. Oct. 27, 2000) (rec. dec., *aff'd* Nov. 20, 2000), the commissioner has attacked a complaint by way of a motion to dismiss asserting that the claimant was not eligible for relief pursuant to 42 U.S.C. § 405(g), the sole basis under which jurisdiction is alleged in this court's model form of complaint. *See id*. at 1-2. He explains that, in the past, he has been forced to amend complaints in Social Security appeals in some cases, to defend against a motion to dismiss, simply because no basis for jurisdiction other than 42 U.S.C. § 405(g) had been pled. *See id*. at 2. Accordingly, he "has now modified the form used in Local Rule 3(c), Appendix I, by modest additions to conform to his experience in these cases." *Id*.

### III. Discussion

#### A. Local Rule 3(c)

The commissioner moves to strike the entire complaint on the ground of noncompliance with Local Rule 3(c), observing that, without leave of court, the plaintiff deviated from the prescribed model complaint by alleging (i) deprivation of his constitutional rights and (ii) other bases for jurisdiction besides 42 U.S.C. § 405(g). *See* Motion at 1-2. He asserts that the plaintiff has elucidated no basis for a claim of constitutional violation, and there is none. *See id*. at 2. He points out that nonconformity with the local rules and standing orders of a court is not without consequence, and district courts are entitled to expect strict compliance. *See id*.

As the plaintiff counters, *see* Opposition at 5, model forms typically are intended as practice guides, and their use generally is not mandated, *see, e.g.*, 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3161, at 547 (2d ed. 1997). While, in this district, Social Security claimants are directed to use the prescribed form for Social Security appeals, *see* Loc. R. 3(c) (complaints "shall use the form provided in Appendix I"), the commissioner himself acknowledges that "where a claimant raises a colorable claim of a violation of Constitutional rights, federal court jurisdiction may vest where it would not otherwise lie under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g)[,]" Reply at 2 n.1; *see also, e.g., Leo*, Docket No. 00-212-P-C, slip op. at 5, 8 (holding that, despite the commissioner's claim that Social Security decision was not a "final," judicially reviewable decision pursuant to 42 U.S.C. § 405(g), plaintiff raised colorable constitutional claim, sufficing to confer subject-matter jurisdiction over appeal).

"While the district court does not have unbridled discretion to ignore the local rules, it enjoys a considerable latitude in applying local procedural rules and in departing from them." *García-Goyco v. Law Envtl. Consultants, Inc.*, 428 F.3d 14, 19 (1st Cir. 2005) (citation and internal punctuation omitted). The First Circuit "generally will not disturb the district court's departure from its local rules so long as there is sound reason for the departure and no party's substantial rights have been unfairly jeopardized." *Id*. at 19-20.

That is the case here. As the commissioner acknowledges, 42 U.S.C. § 405(g) is not the sole basis for jurisdiction over a Social Security appeal: a colorable claim of violation of constitutional rights can in fact supply such jurisdiction. *See* Reply at 2 n.1. In the circumstances, Local Rule 3(c) cannot sensibly be construed to forbid assertion of such a claim in a complaint otherwise compliant with the prescribed model form. Nor would any useful

5

purpose be served in requiring Social Security claimants to seek leave of court to allege such a claim. As noted below, the commissioner's interest in avoiding baseless allegations of constitutional violations is adequately addressed by other means, specifically invocation of the pleading requirements of Federal Rules of Civil Procedure 8(a) and 12(b)(6).

Local Rule 3(c) accordingly provides no ground for the requested relief.

### B. Federal Rule of Civil Procedure 12(f)

While the commissioner, in moving to strike, did not invoke Federal Rule of Civil Procedure 12(f), *see generally* Motion, a circumstance in which an argument typically is deemed waived, *see, e.g., In re One Bancorp Sec. Litig.*, 134 F.R.D. 4, 10 n.5 (D. Me. 1991) (court generally will not address an argument advanced for the first time in a reply memorandum), the commissioner in this case joined issue on the point after the plaintiff's counsel raised it in his opposing brief, *see* Opposition at 3-5. Hence, I consider its merits.

The commissioner contends that the complaint is both impertinent and scandalous under Rule 12(f) "in that an outside observer of not only this Complaint but the many other identical complaints filed by Plaintiff's counsel could reasonably come to the conclusion that the Commissioner, along with the Agency fact-finders whose decisions become his 'final decisions' under appeal to this Court, makes a habit or practice of violating claimants' Constitutional rights – no trifling accusation to lodge against the head of an executive-branch federal agency responsible for the administration of over $650 million in government benefits to over 60 million people on an annual basis." Reply at 5.

The contention is without merit. The commissioner cites no authority for the proposition that it is appropriate, for purposes of a Rule 12(f) motion, to consider the contents of complaints other than the complaint in issue. In any event, an allegation of constitutional violation is not on

6

its face a "redundant, immaterial, impertinent, or scandalous matter which will not have any possible bearing on the outcome of the litigation[.]" *Amentler v. 69 Main St.*, LLC, Civil Action No. 08-0351 (FLW), 2008 WL 4149125, at *1 (D.N.J. Sept. 2, 2008) (citations and internal quotation marks omitted).  To the contrary, as the commissioner himself acknowledges, *see* Reply at 2 n.1, such a claim, if colorable, can confer jurisdiction over a Social Security appeal. Finally, it is hardly "impertinent" or "scandalous" to allege that the head of a huge government agency, acting in his official capacity, or decision-makers within that agency, have transgressed a claimant's constitutional rights.

Rule 12(f) accordingly provides no ground for the requested relief.

### C.  Failure To Plead Claim Adequately

In his reply brief, the commissioner states that "he would have no objection to Plaintiff's filing of an amended Complaint which adequately elucidates the factual basis for his Constitutional claims." Reply at 5.  While the commissioner did not seek this form of relief in his Motion, it is, as in the case of the Rule 12(f) claim discussed above, directly responsive to an argument raised in his opponent's brief.  *See* Opposition at 2, 5-6 (arguing that "the additional allegations of jurisdiction are appropriate pursuant to Rule 8 of the Federal Rules of Civil Procedure").  Hence, as in the case of the Rule 12(f) claim, I reach the merits of the request.

As the commissioner posits, *see* Reply at 3-4, the complaint readily can be discerned to fall short of stating a claim of constitutional violation with respect to which relief can be granted. It merely alleges in conclusory fashion that the plaintiff "has been deprived of certain constitutional rights to which he is entitled as a United States citizen by the actions of the Defendant, acting through the agents and employees of the Social Security Administration." Complaint ¶ 5.  The generality of this allegation is not surprising in view of the fact that the

7

plaintiff's counsel acknowledges that he modified his form of Social Security complaints, as a matter of general practice, to anticipate possible motions to dismiss on jurisdictional grounds by the commissioner. *See* Opposition at 2. However, such one-size-fits-all pleading of a constitutional violation cannot withstand challenge pursuant to Rule 12(b)(6). *See, e.g., Morales-Tañon v. Puerto Rico Elec. Power Auth.*, 524 F.3d 15, 18 (1st Cir. 2008) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citation and internal punctuation omitted); *Iverson v. City of Boston*, 452 F.3d 94, 102 (1st Cir. 2006) ("A pleading states a claim upon which relief can be granted only when it contains factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.") (citation and internal quotation marks omitted); *DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) (while complaint need not include evidentiary detail, the "price of entry" into the judicial forum is "for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings") (emphasis in original). The plaintiff's complaint neither clearly identifies the constitutional right(s) that he alleges were transgressed nor provides any factual predicate for the alleged violation(s). *See generally* Complaint.

Rather than moving to dismiss the complaint, or portions thereof, pursuant to Rule 12(b)(6), the commissioner states that he has no objection to affording the plaintiff a chance to address the pleading deficiency. *See* Reply at 5. This is an appropriate and reasonable solution to the problem.

For the foregoing reasons, the Motion is **_GRANTED IN PART_**, to the extent that the plaintiff is hereby **_DIRECTED_** to file an amended complaint, within 10 days of the date hereof, that either (i) adequately pleads a claim of constitutional violation or (ii) excises that claim by deleting Paragraph 5 and all jurisdictional references in Paragraph 6 other than to 42 U.S.C. § 405(g),[1] and is otherwise **_DENIED_**.

**_SO ORDERED._**

Dated this 29th day of October, 2009.

                                              /s/  John H. Rich III
                                              John H. Rich III
                                              United States Magistrate Judge

---

[1] As the commissioner correctly observes, *see* Reply at 4-5, 28 U.S.C. § 1331 does not provide a basis for jurisdiction over a Social Security appeal, *see, e.g.,* 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."); *Weinberger v. Salfi,* 422 U.S. 749, 756-61 (1975) (42 U.S.C. § 405(h) bars 28 U.S.C. § 1331 jurisdiction over suits to recover Social Security benefits).  With respect to the plaintiff's citation to 42 U.S.C. § 1383, mistakenly referred to as 28 U.S.C. § 1383, *see* Opposition at 4 n.1, reference to 42 U.S.C. § 405(g) alone suffices even in cases involving so-called Supplemental Security Income, or "Title XVI," benefits.  As one court explained, "42 U.S.C. § 1983(c)(3) (Title XVI) expressly incorporates the judicial review provisions of § 405(g) (Title II).  Accordingly, § 405(g) applies to judicial review under both Title II and Title XVI." *Kildare v. Saenz*, 325 F.3d 1078, 1081 n.1 (9th Cir. 2003); *see also* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.").